UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CHESTER BRADDY,**                    Case No.  1:05 CV 02617
                                       )
            Petitioner,                )          Judge Ann Aldrich
                                       )
    vs.                                )    REPORT AND RECOMMENDATION
                                       )       OF MAGISTRATE JUDGE
**MARGARET BRADSHAW**,                 )
                                       )
            Respondent,                )    Magistrate Judge James S. Gallas
                                       )


Petitioner Chester Braddy is a prisoner in state custody who under 28 U.S.C. §2254 seeks

habeas corpus relief *pro se* from his convictions for multiple sex offenses against a child beginning

with the time she was 11 years of age.  Braddy was sentenced to a series of consecutive sentences

effectively resulting in  life imprisonment.  (Respondent's Exhibit B, Cuyahoga County C.P. Case

No. CR 02 42 0714-A).


Braddy has exhausted his state remedies by exercising a direct appeal, application under

Ohio R. App. 26(B) to reopen appeal and his unsuccessful pursuit of a delayed appeal to the Ohio

Supreme Court from both adverse decisions of the appellate district court.  See *State v. Braddy*, 2004

WL 1364730, 2004 - Ohio - 3128 (Ohio App. 8 Dist.) motion to reopen denied, 2005 WL 174771,

2005 - Ohio - 282 (Ohio App. 8 Dist.); and motion for delayed appeal denied, 106 Ohio St.3d 1458,

830 N.E.2d 1167, 2005 - Ohio - 3490 (Table 2005).

1:05 CV 2617                                        2

*Procedural Default-Lack of Fair Presentation:*

Braddy's request for  federal habeas corpus review is barred due to Braddy's procedural

default stemming from the failure to timely appeal to Ohio Supreme Court and that court's denial

of leave for delayed appeal.[1] Respondent argues that federal review is barred of Braddy's four

grounds due to procedural default arising from the Ohio Supreme Court's rejection of Braddy's

delayed appeal, relying on *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004), *cert. denied*, 543

U.S. 989 (2004) and Ohio S.Ct. Prac. R. II §2(A)(4)(a).[2]


The substance of the federal claims submitted for habeas corpus review must be "fairly

presented" to the state's **highest** court because only in this manner will the state courts have been

provided with a fair opportunity to pass upon and correct alleged violations of federal rights.  See

*Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982);  *Picard v. Connor*, 404 U.S.

270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Duncan v. Henry*, 513 U.S. 364, 115 S.Ct. 887, 888,

---

[1]  Braddy had sought delayed appeals from his direct appeal and from denial of his Ohio R. App. P. 26(B) application to reopen appeal. No delayed appeal exists for appeals brought pursuant to Ohio R. App. P. 26(B).  See Ohio S.Ct. Prac. R. II §2(A)(4)(b).

[2] Braddy's four grounds submitted for federal collateral review are:

> 1. Petitioner's rights to due process were violated when the trial court refused his request for a continuance to secure a witness.

> 2. Petitioner's right to due process of law was violated in being convicted in the absence of sufficient evidence.

> 3. Petitioner's right to due process and equal protection of law were violated by improper sentencing by the trial court.

> 4. Petitioner's right to effective assistance of counsel was violated where counsel failed to make required objections at trial.

1:05 CV 2617                                        3

130 L.Ed.2d 865, 868 (1995); *Baldwin v. Reese*, 541 U.S. 27, 32-34, 124 S.Ct. 1347, 158 L.Ed.2d

64 (2004). Failure to fairly present the federal ground to the state's highest court constitutes a

procedural default or waiver barring federal habeas corpus review. See *O'Sullivan v. Boerckel*, 526

U.S. 838, 845-48, 119 S.Ct. 1728, 1732-34, 144 L.Ed.2d 1 (1999)("Whether a prisoner who fails to

present his claims in a petition for discretionary review to a state court of last resort has *properly*

presented his claims to the state courts. Because we answer this question "no," we conclude that

Boerckel has procedurally defaulted his claims."); *Teague v. Lane*, 489 U.S. 288, 297-99, 109 S.Ct.

1060, 103 L.Ed.2d 334 (1989) (14th amendment equal protection claim is forfeited following

exhaustion of state remedies and failure to raise claim to state courts); and   see   *Coleman v.*

*Thompson*, 501 U.S. 722, 735 n.1, 111 S.Ct. 2546, 2557 n.1, 115 L.Ed.2d 640 (1991). [3]

    Under the state procedural mechanism, the Ohio Supreme Court has jurisdiction over timely

appeals which are exercised within 45 days of entry of the state appellate court's decision.  See Ohio

S.Ct Prac.R. II §2(A)(1).  The Ohio Supreme Court may, however, in its discretion take jurisdiction

over untimely felony appeals upon motion for leave to file a delayed appeal pursuant to Ohio

S.Ct.Prac.R. II §2(A)(4)(a).  The Sixth Circuit held  in *Bonilla v. Hurley,* that the unexplained state

court decision denying leave to file an untimely appeal to the Ohio Supreme Court is assumed to

enforce any applicable procedural bar, and as a result, denial of an Ohio S.Ct. Prac. R. II §2(A)(4)(a)

---

[3]  When state court decision does not clearly and expressly rely on independent and adequate state ground, the federal court may  address petition.  " This rule does not apply if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.  In such a case there is a procedural default for purposes of habeas corpus. . ."
*Coleman v. Thompson*, 501 U.S. at 735 n.1, 111 S.Ct. at 2557 n.1.

motion for leave to file delayed appeal is not a ruling on any claim included with the motion for leave.  See *Bonilla*, 370 F.3d at 497; *Smith v. State of Ohio Dept. of Rehab and Corr.*, 463 F.3d 426, 431-32 (6th Cir. 2006).  Consequently, the Ohio Supreme Court's ruling to deny an untimely appeal is a procedural ruling based on the untimeliness of the appeal request, which is both actually enforced and is an adequate and independent state ground on which the state can foreclose federal habeas review consistent with *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). See *Smith v. State of Ohio, Dept. of Rehabilitation and Correction*, 463 F.3d 426, 431-32 (6th Cir. 2006); and see *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991).  "When a 'state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice ... or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman* at 750; *Bonilla* at 497.

Respondent adds that Braddy's third and fourth grounds constitute new claims which, although exhausted,  were not raised in the courts below.[4]  Braddy in his traverse takes issue with this and argues based on *Franklin v. Rose*, 811 F.2d 322 (6th Cir. 1987), that he had presented his claims as constitutionally based issues cognizable for federal habeas corpus review.  Regardless, whether or not the third and fourth grounds were raised in some form to the state appellate court, none of Braddy's four grounds were "fairly presented" to the Ohio Supreme Court.

_____

[4] Exhaustion occurs when there is an absence of state corrective process.  See 28 U.S.C. §2254(b)(1)(B); *Engle v. Isaac*, 456 U.S. 107, 125 n. 28, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1983); *Allen v. Perini*,  424 F.2d 134, 140 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970) (no effective state remedy).

1:05 CV 2617                                       5

Braddy attempts to overcome this bar referring  to his response to Item 9(e)(4) on the

petition, where  Braddy lists the three propositions of law that would have been raised to the Ohio

Supreme Court. He maintains that these propositions of law were fairly presented with his notice

of appeal.  (Petition, ECF #1, pp. 8 of 9, Traverse p. 3-5, ECF #12). However, Braddy did not "fairly

present" his grounds on delayed appeal to the Ohio Supreme Court because the rule governing

delayed appeals clearly states:

> (c) A memorandum in support of jurisdiction shall *not* be filed at the time a
> motion for delayed appeal is filed.  If the Supreme Court grants a motion for
> delayed appeal, the appellant shall file a memorandum in support of
> jurisdiction within 30 days after the motion for delayed appeal is granted.  If
> a memorandum in support of jurisdiction is not timely filed after a motion for
> delayed appeal has been granted, the Supreme Court will dismiss the appeal.
> (Emphasis supplied).

Ohio S.Ct. Prac. Rule II §2(A)(4)(c).

As the foregoing rule instructs, the Ohio Supreme Court is only concerned with the reasons provided

by appellant to excuse untimeliness. Ohio's highest court does not review the merits of any

arguments for reversal of conviction at that time.  Fair presentation does not occur where the claim

has been presented "in such a manner that the state court could not, consistent with its own

procedural rules, have entertained it."  *Edwards v. Carpenter*, 529 U.S. 446, 453, 120 S.Ct. 1587,

1592, 146 L.Ed.2d 518 (2000).


This procedural default rule due to the a petitioner's failure to fairly present his grounds to

the state's highest court serves to protect the integrity of the federal exhaustion rule "by avoiding

the 'unseem[liness]' of a federal district court's overturning a state court conviction without the state

1:05 CV 2617                    6

court's having had the opportunity to correct the constitutional violation in the first instance."
*O'Sullivan*, 526 U.S. at 844, 119 S.Ct. at 1732; see also *Coleman v. Thompson*, 501 U.S. 722, 732,
111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); and *Edwards v. Carpenter*, 529 U.S. 446, 452-53, 120
S.Ct. 1587, 1592, 146 L.Ed.2d 518 (2000) (discussing the "inseparability" and "interplay" of the
exhaustion rule and the procedural-fault doctrine in giving state courts a fair opportunity to pass
upon petitioner's claims).

Not only is review barred by the federal doctrine as expressed in *O'Sullivan, Teague* and
*Edwards*, but it is also a state procedural bar and the failure to present the ground to the state's
highest court provides an adequate and independent state procedural rule to bar habeas review.  See
*Leroy v. Marshall*, 757 F.2d 94, 99 (6th Cir. 1985); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994);
*Lordi v. Ishee*, 384 F.3d 189, 194 (6th Cir. 2004), *cert. denied,* 546 U.S.821 (2005).

In this situation, federal collateral review is barred, but Braddy  may overcome this bar by
a  demonstration of "cause" and "prejudice" to excuse the failure to present a constitutional claim
to  the  state's  highest  court,  or  alternatively  by  showing  actual  innocence.   See  *Edwards  v.
Carpenter*, 529 U.S. 446, 451-52, 102 S.Ct.1587, 1590-92, 146 L.Ed2d 518 (2000); *House v. Bell*,
-U.S.-, 126 S.Ct. 2064, 2076, 165 L.Ed.1 (2006); *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct.
2497, 53 L.Ed.2d 594 (1971). "Cause" is some "objective facts external to the defense" which
impeded  petitioner's efforts to comply with the state's procedural rule.  *Murray v. Carrier*, 477 U.S.
478, 488, 492, 106 S.Ct. 2635, 2645-48, 91 L.Ed.2d 397 (1986).  "Prejudice" must be "actual
prejudice" as a result of the alleged violation of federal law.  *Coleman v. Thompson*, 501 U.S. 722,

750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 2546 (1991); *Bousley v. U.S.*, 523 U.S. 614, 622, 118 S.Ct.

1604, 1611, 140 L.Ed.2d 828 (1998); *Murray* v. *Carrier*, 477 U.S. at 489, 106 S.Ct. at 2646. Cause

and prejudice are in the conjunctive and the failure to show cause terminates this analysis.  See

*Murray*, 477 U.S. at 497. Actual innocence means "factual innocence not mere legal insufficiency."

*Bousley v. U.S.*, 523 U.S. 614, 623-24, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998).


      Braddy argues in his traverse that the delay should be excused due to his lack of legal

expertise. Braddy's lack of representation in his effort to obtain leave to appeal to Ohio's Supreme

Court does not constitute "cause."  Due process does not require appointment of counsel beyond the

state's intermediate appellate court, so lack of counsel or failure of counsel to timely appeal to a

state supreme court does not constitute "cause." See *Ross v. Moffitt*, 417 U.S.600, 610, 94 S.Ct.

2437, 2444, 41 L.Ed.2d 341 (1974); *Wainwright v. Torna*, 455 U.S. 586, 587-88, 102 S.Ct. 1300,

1301, 71 L.Ed.2d 475 (1982); *Pennsylvania v. Finley*, 481 U. S. 551, 555, 107 S.Ct.1990, 1993, 95

LE.d2d 539 (1987). Consequently, Braddy's *" pro se* status before the Ohio Supreme Court is

insufficient to establish cause to excuse his procedural default." *Bonilla,* 370 F.3d at 498 (citing

*Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir.1995)). Moreover:

> [I]gnorance of the law and procedural requirements for filing a timely notice
> of appeal is insufficient to establish cause to excuse his procedural default.
> See *id.* Furthermore, [a petitioner's] claim that he lacked notice of the
> procedural requirements for filing an appeal to the Ohio Supreme Court is
> specious in light of the memorandum in support of his motion for leave to file
> a delayed appeal that he filed with the Ohio Supreme Court on direct review.

*Bonilla v. Hurley,*  370 F.3d at 498.

    This leaves the issue whether Braddy can show a "fundamental miscarriage of justice"

resulting in the conviction of one who is actually innocent to escape the procedural bar to federal

1:05 CV 2617                                     8

review.  See *Dretke v. Haley*, 541 U.S. 386, 393, 124 S.Ct. 1847, 1852, 158 L.Ed. 2d 659 ( (2004);

*Murray*, 477 U.S. at 495-96.; *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 851,867, 130 L.Ed.2d

808 (1995). "In *Schlup*, the [ Supreme] Court adopted a specific rule to implement this general

principle. It held that prisoners asserting innocence as a gateway to defaulted claims must establish

that, in light of new evidence,'it is more likely than not that no reasonable juror would have found

petitioner guilty beyond a reasonable doubt." *House v. Bell*, -U.S.-,  126 S.Ct. 2064, 2076 -2077,

165 L.Ed.2d 1 (2006).  This requires support from, "allegations of constitutional error with new

reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts,

or critical physical evidence, that was not presented at trial." *Schlup*, 513 U.S. at 324; *Gulertekin*

*v. Tinnelman-Cooper*, 340 F.3d 415, 427 (6th Cir. 2003). "A prototypical example of 'actual

innocence' in a colloquial sense is the case where the State has convicted the wrong person of the

crime." *Sawyer v. Whitley*, 505 U.S. 333, 340, 112 S.Ct. 2514, 2519, 120 L.Ed.2d 269 (1992).


        Braddy claims actual innocence based on a resurrection of his sufficiency of the evidence

argument, claiming that the victim's age was a matter of conjecture.  "Actual innocence means

'federal innocence not mere legal insufficiency.'" *Bousley v. U.S.*, 523 U.S. 614, 5623-24, 118 S.Ct.

1640, 140 L.Ed.2d 828 (1999).  He then proceeds into arguments based on ineffective assistance of

counsel, prosecutorial misconduct and jury bias (Traverse pp. 12-14).  All three arguments fail to

raise new evidence of actual innocence, nor do they establish "cause" for the untimely request for

appeal.  Further, Braddy has procedurally defaulted his arguments for ineffective assistance of

counsel, so this claim does not suffice to demonstrate "cause" to excuse his other procedurally

defaulted claims.  "[A] claim of ineffective assistance,"..., generally must "be presented to the state

1:05 CV 2617                                    9

courts as an independent claim before it may be used to establish cause for a procedural default."
*Edwards v. Carpenter,* 529 U.S. at 452, 120 S.Ct. at 1591, quoting *Murray v. Carrier*, 477 U.S. 478,
489, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). Since he did not "fairly present" this argument also to
the state courts, it has been waived as grounds for cause. See *Haliym v. Mitchell*, 492 F.3d 680, 691
(6th Cir.2007). Ultimately, Braddy's petition must fail because Braddy failed to "point to a
Constitutional violation that probably resulted in the conviction of one who was actually innocent."
*White v. Schotten*, 201 F.3d 743, 753 (6th Cir. 2000); *Schlup v. Delo*, 513 U.S. 298, 321, 115 S.Ct.
851, 130 L.Ed.2d 808 (1997); *Murray v. Carrier*, 477 U.S. 478,  496, 106 S.Ct. 2639, 91 L.Ed.2d
397 (1986). Accordingly, for the foregoing reasons the application under 28 U. S.C. §2254 should
be denied.


### *CONCLUSION AND RECOMMENDATION*

For the foregoing reasons dismissal of this non-capital matter is recommended because
federal collateral review is barred due to petitioner's failure to fairly present his claims to the state's
highest court coupled with failure to demonstrate "cause" to excuse the procedural default or
alternatively failure to demonstrate a miscarriage of justice. Consequently, Braddy cannot establish
a decision of the state court which was either contrary to nor an unreasonable application of clearly
established federal law nor an unreasonable application of the facts for purposes of 28 U.S.C.
§2254(d)(1) and (2).  Further, Braddy has not demonstrated a need for evidentiary hearing.


                                    _____s/James S. Gallas_____
                                    United States Magistrate Judge

1:05 CV 2617                                        10

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of

Court within ten (10) days of mailing of this notice.  Failure to file objections within the specified

time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See*, *United States v.*

*Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).


Dated: January 8, 2008