**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **CHESTER BRADDY,** ) | |
| ) | **Case No. 1:05-CV-2617** |
| Petitioner, ) | |
| ) | |
| v. ) | **JUDGE ANN ALDRICH** |
| ) | |
| **MARGARET BRADSHAW, Warden,** ) | **Magistrate Judge** |
| ) | **James S. Gallas** |
| Respondent. ) | |
| ) | **MEMORANDUM AND ORDER** |
| ) | |
| ) | |

This is a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. *Pro se* petitioner Chester Braddy ("Braddy") is currently serving a series of consecutive sentences which have effectively resulted in life imprisonment. Before the court are a report and recommendation ("R & R") issued by the magistrate judge, recommending that the court deny Braddy's petition (Doc. No. 13), and Braddy's objections to the R & R (Doc. No. 16). For the reasons set forth below, the court adopts the R & R in its entirety and denies Braddy's petition.

**I. Background**

Braddy was convicted in state court of multiple sex offenses against a child beginning when the child was 11 years old. On August 26, 2003, Braddy was sentenced to a series of consecutive sentences effectively resulting in life imprisonment. He appealed to the Court of Appeals of Ohio, Eighth Appellate District, raising six assignments of error including a claim that his conviction was against the manifest weight of the evidence, and a claim that his due process rights were violated when the trial court denied his request for a continuance to secure the appearance of certain

witnesses. The Court of Appeals affirmed his convictions on June 28, 2004, from which Braddy failed to make a timely appeal to the Ohio Supreme Court.

On October 18, 2004, under Ohio Appellate Rule 26(B), Braddy filed an untimely application to reopen his case in the Court of Appeals of Ohio, asserting that appellate counsel was ineffective for failing to raise certain assignments of error on direct appeal. The Court of Appeals denied Braddy's application to reopen on January 21, 2005, and Braddy did not appeal this denial to the Ohio Supreme Court. Instead, Braddy filed a notice of appeal and a motion for delayed appeal in the Ohio Supreme Court on May 16, 2005. The Ohio Supreme Court denied Braddy leave and dismissed his appeal.

Braddy filed the instant application for habeas corpus relief in federal court, claiming that his due process rights were violated when the trial court refused to grant him a continuance to secure a witness, that his due process rights were violated when he was convicted in the absence of sufficient evidence, that his due process and equal protection rights were violated by improper sentencing in the trial court, and that he had received ineffective assistance of counsel at trial and on direct appeal. His application was referred to a magistrate judge to prepare an R & R regarding the proper disposition of his claims. The magistrate judge recommended that Braddy's application be dismissed, to which Braddy has filed objections.

**II.    Standard of Review**

Pursuant to Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(C), this court reviews de novo the portion of the magistrate judge's report and recommendation to which specific objections have been made. In reviewing the objections, the district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C.

§636(b)(1)(C). However, "a general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Curie*, 50 F.3d 373, 380 (6th Cir. 1995). Failure to file an objection operates as a waiver precluding review by the district court. *Id.*

**III.  Discussion**

When a petitioner fails to exhaust a claim in state court or is denied access to state court due to a procedural requirement, federal habeas corpus review of the claim is barred. *See Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). This procedural bar can be overcome if the petitioner can show "cause" for the default and "actual prejudice" as a result of the alleged violation of federal law, or can show that failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

In the R & R, the magistrate judge found that although Braddy had exhausted his state remedies, he had failed to present his claims to the state's highest court, resulting in procedural default. Further, the magistrate judge found no grounds to overcome the default because Braddy had neither demonstrated "cause" nor shown that a "miscarriage of justice" had occurred to excuse the default. Accordingly, the magistrate judge recommended that Braddy's application be dismissed.

In Braddy's objections to the R & R, he argues (1) that he has fairly presented his claims to the state's highest court because the Ohio Supreme Court rarely chooses to exercise jurisdiction over discretionary felony appeals, (2) that cause exists to excuse the procedural default because the Ohio Supreme Court clerk rejected his appeal for mechanical deficiencies one day prior to the deadline, thus depriving him ample time to perfect his appeal, (3) that cause exists to excuse the procedural

default because he is actually innocent, (4) that there has been a miscarriage of justice because he is actually innocent, and (5) that he is entitled to an evidentiary hearing.

As set forth below, the court has reviewed de novo all portions of the R & R to which Braddy has objected, and finds that Braddy is procedurally barred from federal habeas corpus review. Further, Braddy has neither shown cause and prejudice to overcome his default, nor has he demonstrated that failure to consider his claims will result in a fundamental miscarriage of justice. Thus, the court adopts the R & R in its entirety and denies Braddy's petition.

### *A.     Procedural Default*

In the R & R, the magistrate judge found that Braddy had not fairly presented his claims to the Ohio Supreme Court and therefore was procedurally barred from federal habeas corpus review. Braddy objects to this finding, arguing that because the Ohio Supreme Court rarely chooses to exercise jurisdiction over felony appeals, he fairly presented his claims to the highest state court that actually would hear his appeal. Although such an argument might be proper in the context of excusing a petitioner's failure to exhaust state remedies, it cannot be used to overcome a procedural default.

Procedural default precludes federal courts from reviewing federal claims that the state courts declined to address because of a petitioner's failure to comply with state procedural requirements. *Wainwright*, 433 U.S. at 87. There are several ways in which procedural default can occur. One way is where the last state court delivering an opinion makes a "plain statement" dismissing a case based upon a procedural bar. *Harris v. Reed*, 489 U.S. 255, 265 (1989). For example, when the Ohio Supreme Court denies a petition for leave to file an untimely appeal, that denial serves as a procedural bar to subsequent federal habeas corpus review. *Bonilla v. Hurley*, 370

F.3d 494, 497 (6th Cir. 2004). Another way in which a claim may become procedurally barred is when a petitioner completely fails to present the claim to the state's highest court. *Leroy v. Marshall*, 757 F.2d 94, 100 (6th Cir. 1985).

Here, Braddy is procedurally barred from habeas corpus review on each of his four grounds for relief. First, he failed to file a timely appeal in the Ohio Supreme Court, and that court refused to grant leave to file a delayed appeal. When the Ohio Supreme Court denied Braddy leave, it issued a one-line opinion stating "[o]n motion for leave to file delayed appeal. Motion denied." *State v. Braddy*, 830 N.E.2d 1167 (Ohio 2005). Such a statement is the type of "plain statement" sufficient to bar federal habeas corpus review. Thus, under *Bonilla*, the Ohio Supreme Court's denial of Braddy's appeal procedurally bars Braddy from federal habeas corpus review of any claims he brought on direct appeal. Accordingly, he has procedurally defaulted on his claim that his due process rights were violated when the trial court denied his request for a continuance to secure certain witnesses, as well as his claim that his due process rights were violated when he was convicted on insufficient evidence.

As to Braddy's claims of improper sentencing and ineffective assistance of counsel, he is procedurally defaulted on these as well because he completely failed to present them to the Ohio Supreme Court.

Braddy does not object to these facts, or to the law that supports these legal conclusions. Rather, he argues that he has fairly presented his claims to the Ohio Supreme Court because any effort to appeal to that court would be futile since the court rarely chooses to exercise its jurisdiction over such appeals. Braddy, however, has not supported this proposition with any authority, nor is the court aware of such precedent in this circuit. Thus, Braddy's objection on this point lacks merit,

and he is procedurally barred from federal habeas corpus review unless he otherwise can overcome the default.

### *B.* *"Cause and Prejudice"*

A petitioner who is procedurally defaulted from bringing a federal habeas corpus application pursuant to "an independent and adequate state procedural rule," can still obtain federal habeas review by showing cause for the default and actual prejudice as a result of the alleged violation of federal law. *Coleman*, 501 U.S. at 750.

A petitioner can establish cause in two ways. First, a petitioner can show that "some objective factor external to the defense impeded counsel's efforts to comply with the state's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Alternatively, a petitioner can show that he or she received ineffective assistance of counsel. *Murray*, 477 U.S. at 488. If a petitioner fails to show cause to overcome procedural default, the court need not address the issue of prejudice. *Simpson v. Jones*, 238 F.3d 399, 409 (6th Cir. 2000).

Here, Braddy argues that cause exists to excuse his procedural default for two reasons. First, he claims that the government interfered with his timely appeal to the Ohio Supreme Court when the clerk rejected his application due to mechanical deficiencies one day prior to the filing deadline, thus depriving Braddy of sufficient time to perfect his appeal. Second, he argues that cause exists because he is actually innocent of the charges.

Turning first to Braddy's claim of governmental interference, there is no evidence in the record supporting his claim that the Ohio Supreme Court clerk rejected his appeal one day prior to the deadline for such appeals. First, Braddy offers no actual evidence in support of this argument. Second, the court is unaware of a deadline for filing delayed appeals, meaning that Braddy could

-6-

not be referring to his motion for delayed appeal. Third, if he is referring to a prior attempt, such as an earlier effort to file a timely appeal, the court would expect to see his governmental interference argument in his motion for delayed appeal to the Ohio Supreme Court. However, Braddy did not make such an argument in that motion. Instead, he claimed that he should be excused from making a timely appeal due to his *pro se* status and lack of knowledge regarding how to properly file an appeal. Thus, there is no evidence supporting Braddy's claim of governmental interference.

Next, Braddy claims that cause exists because he is actually innocent of the charges. Actual innocence, however, is a means by which a petitioner can show that there has been a "fundamental miscarriage of justice" rather than "cause and prejudice." *See Schlup v. Delo*, 513 U.S. 298, 315 (1995) (finding that petitioner's claim of innocence is offered to bring him within the class of cases implicating a fundamental miscarriage of justice). Thus, his actual innocence argument will be considered in the following section in analyzing whether a fundamental miscarriage of justice has occurred.

Since Braddy has failed to show some objective factor external to the defense which impeded his efforts to comply with Ohio's procedural rules, and because he has not claimed ineffective assistance of counsel as a basis for cause, he has failed to demonstrate cause, and the court need not address the issue of prejudice. Therefore, because Braddy has not succeeded on a showing of cause and prejudice, federal review of his claims is procedurally barred unless he can demonstrate that failure to consider his claims will result in a fundamental miscarriage of justice.

### C. *Fundamental Miscarriage of Justice*

A petitioner may overcome procedural default by showing that "failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. Such a miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup*, 513 U.S. at 327. "Actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). Thus, to prevail on an actual innocence argument, a petitioner must support any claims of constitutional error with new and reliable evidence not presented at trial. *Schlup*, 513 U.S. at 327.

Here, Braddy objects to the magistrate judge's finding that he is "attempting to resurrect" his insufficiency of the evidence claim to establish actual innocence. In his argument, however, Braddy simply restates his earlier argument that the evidence presented by the state at trial was insufficient to support his conviction. More importantly, Braddy fails to provide any new and reliable evidence to support his position. Thus, Braddy attempts to show "legal insufficiency" rather than "factual innocence." By not providing any new evidence, Braddy has failed to show that failure to consider the claims will result in a "fundamental miscarriage of justice," procedurally barring him from federal habeas corpus review.

### D. *Evidentiary Hearing*

Finally, Braddy objects to the magistrate judge's finding that Braddy has not demonstrated a need for an evidentiary hearing. In deciding whether to grant an evidentiary hearing, the court must determine whether a hearing would enable a petitioner to prove the facts alleged, which, if true, would entitle the petitioner to federal habeas relief. *Schriro v. Landrigan*, 127 S. Ct. 1933, 1940 (2007). However, where the record refutes the petitioner's factual allegations or otherwise precludes

habeas relief, the court is not required to hold an evidentiary hearing. *Id.* Further, a court need not hold an evidentiary hearing if it would be futile, such as where the record appears to be complete and the petitioner points to no fact that he could develop to warrant habeas corpus relief. *McAdoo v. Elo*, 365 F.3d 487, 500 (6th Cir. 2004)

Here, there is no need to hold an evidentiary hearing because as set forth in the preceding sections, the record refutes Braddy's factual allegations. Nor has Braddy suggested that the record is otherwise incomplete. Rather, he requests a hearing to demonstrate that he is actually innocent. However, as already addressed, this argument goes to sufficiency of the evidence, not factual innocense, and Braddy has failed to even allude to any new and reliable evidence to support this position. Accordingly, an evidentiary hearing would be futile in this instance, and Braddy's request for a hearing is denied.

### IV. Conclusion

For the foregoing reasons, the court adopts the R & R in its entirety and denies Braddy's petition for a writ of habeas corpus. Further, upon finding that Braddy has not made a substantial showing of the denial of a constitutional right, the court declines to issue a certificate of appealability for this order. *See* 28 U.S.C. § 2253(c)(2). Therefore, this order is final, but not appealable.

IT IS SO ORDERED.

                                                                         */s/* Ann Aldrich
                                                                         ANN ALDRICH
                                                                         UNITED STATES DISTRICT JUDGE

**Dated: June 27, 2008**